# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF COLUMBIA

| | |
|---|---|
| YURI PAVLOV; <br> NADEZHDA PAVLOVA; <br> LEV PAVLOV; <br>   Silcherstr. 9, 72072 <br>   Tuebingen, Germany <br>          Plaintiff(s) <br> <br>          v. <br> <br> MARCO RUBIO, in his official capacity, <br> Secretary, U.S. Department of State; <br> SHANE MYERS, in his official capacity, <br> Acting Principal Deputy Assistant Secretary, <br> Bureau of Consular Affairs; <br> BRIAN HEATH, in his official capacity, <br> Consul General, Consulate General of the <br> United States, Frankfurt, Germany; <br> JOHN DOE, in his official capacity, Consular <br> Officer, Consul General, Consulate General of <br> the United States, Frankfurt, Germany; <br>   U.S. Department of State <br>   2201 C St. NW <br>   Washington, DC 20520 <br> <br>          Defendant(s). | Civil Action No. 1:25-cv-1101 |

## PLAINTIFFS' ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

Sadaf F. Ahmed, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 3701 W. Algonquin Road, Ste. 630, Rolling Meadows, IL 60008, Ph: 312-767-9030, Facsimile: 312-767-9030, Email: sadaf@jeelani-law.com.

1

**INTRODUCTION**

COME NOW YURI PAVLOV (hereinafter "Plaintiff YURI" or collectively "Plaintiffs"), NADEZHDA PAVLOVA (hereinafter "Plaintiff NADEZHDA" or collectively "Plaintiffs") and LEV PAVLOV (hereinafter "Plaintiff LEV" or collectively "Plaintiffs") by and through the undersigned attorney, in the above cause, and state as follows:

1. Plaintiff YURI is a Russian citizen. He received an offer of employment from the University of Alabama at Birmingham for the role of Assistant Professor of Psychology. [EXHIBIT A]. His employment was authorized through his selection and qualification as an H-1B employee. This action is brought as a result of Defendants' failure to adjudicate Plaintiffs' respective nonimmigrant H-1B visa Applications (hereinafter "respective Applications") within a reasonable period of time [Case# AA00DSRJDP] and thereafter issue the corresponding H-1B visa stamp.

2. Plaintiff PAVLOV currently has valid H-1B visa status, which will expire on January 31, 2028. Plaintiff PAVLOV Form I-129, Petition for Nonimmigrant Worker was submitted on September 6, 2024, and thereafter upon its approval and the submission of Plaintiffs' respective Form DS-160, Online Nonimmigrant Visa Applications, they attended their visa interview with the U.S. Consulate General in Frankfurt, Germany, on October 18, 2024. At the conclusion of the interview, Plaintiff YURI was asked to submit supplemental information, specifically his curriculum vitae; this request was responded to fully the same day and Plaintiff YURI submitted his curriculum vitae, Job offer and PhD certificate almost immediately. Despite properly submitting their respective Applications, appearing for an interview, and submitting the requested supplemental information after the interview, Plaintiffs visa applications have remained under administrative processing for over five months (over 176 days) from the date of their interview, without completion of processing or any explanation beyond a generic statement that the case is in "administrative processing." It is

worth noting that the aforementioned visa type is often adjudicated in a matter of days for the vast majority of H-1B applicants.

3. Plaintiff YURI is at risk of losing his job offer for an Assistant Professor of Psychology position at the University of Alabama at Birmingham, if he unable to travel to the United States. Additionally, Plaintiff's start date has been extended twice, and his research and ability to recruit graduate students for the 2025 cohort is being significantly impacted and neither is he able to commence teaching courses on psychophysiology. Without judicial intervention, Plaintiffs will likely suffer devastating financial losses and a significant setback in Plaintiff YURI's career and future in the United States, without the full and final adjudication of the H-1B Visa Applications for Plaintiff YURI himself and his family.

4. Plaintiffs have a clear right to adjudication of their respective Applications within a timely manner. 22 CFR § 41.121(a) and 22 CFR § 41.106. The final adjudication of the respective Applications is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

5. Defendants cannot reasonably continue to use COVID-19 as a defense to their failure to adjudicate the respective Applications as Plaintiffs successfully submitted their documents to the Visa Application Center, which were later sent to the Consulate General of the United States in Frankfurt, Germany, for further processing, and all routine and necessary in person interactions have already taken place; as such, COVID-19 related issues do not prohibit an officer's ability to make a decision in this matter.

6. Defendants are in violation of the Administrative Procedures Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on the respective Applications and issue the corresponding H-1B visa stamp.

## PARTIES

7. Plaintiff YURI PAVLOV is a Russian national and currently resides in Germany while waiting for the final adjudication of his nonimmigrant visa Application. Plaintiff YURI is the applicant of a properly filed Nonimmigrant Visa Application, Form DS-160 (AA00DSRJDP).

8. Plaintiff NADEZHDA PAVLOVA is a Russian national and currently resides in Germany. Plaintiff NADEZHDA is the derivative family member of Plaintiff YURI and also the applicant of a properly filed nonimmigrant visa Application, Form DS-160 (AA00DSX47H).

9. Plaintiff LEV PAVLOV is a Russian national and currently resides in Germany, Plaintiff LEV is the derivative family member of Plaintiff YURI, and the applicant of a properly filed Form DS-160 (AA00DSYVOH).

10. Defendant MARCO RUBIO is the duly appointed Secretary of the United States Department of State (hereinafter "DOS").  He is the head of the Department of State and is responsible for setting and overseeing implementation of the policies and procedures employed by the U.S. Department of State and all its various subdivisions, including the Bureau of Consular Affairs, U.S. Embassies and Consulates around the world.  This action is filed against him in his official capacity.

11. Defendant SHANE MYERS is the Acting Principal Deputy Assistant Secretary, Bureau of Consular Affairs. As Acting Principal Deputy Assistant Secretary, he is responsible for setting and overseeing implementation of the policies and procedures employed by the Bureau of Consular Affairs.  This action is filed against him in his official capacity.

12. Defendant BRIAN HEATH is the Consul General, at the Consulate General of the United States in Frankfurt, Germany. He is the principal officer in charge of the Consulate General.  This action is filed against him in his official capacity.

13.     Defendant JOHN DOE is a Consular Officer at the Consulate General of the United States in Frankfurt, Germany. This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

14.     This Court has jurisdiction to hear this complaint, and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiffs. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiffs are seeking judicial review of inaction by one or more of the Defendants.

15.     Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) in that this is the district in which one of the Defendants resides.

## EXHAUSTION OF REMEDIES

16.     Plaintiffs have repeatedly requested Defendants to make a final decision on their respective Applications for over 28 weeks since submitting their respective Form DS-160, Applications. Furthermore, Plaintiffs have initiated numerous inquiries with the Consulate General in Frankfurt, Germany, following the completion of their interview, all without any resolution.

17.     Plaintiffs have exhausted their administrative remedies. Plaintiffs have supplied Defendants with documents that establish Plaintiff YURI's eligibility to receive a nonimmigrant visa stamp to travel to the United States and resume his H-1B status, and for his spouse and son to accompany him on valid H-4 status as his derivative family members.

18.     There are no further administrative remedies available for Plaintiff to utilize.

**FACTUAL ALLEGATIONS**

19. Plaintiff YURI's current Form I-129, Petition for A Nonimmigrant Worker was approved on September 13, 2024, with a validity period dating from February 1, 2025, to January 31, 2028. (Receipt # IOE0927572350). [**EXHIBIT A**].

20. Plaintiff YURI is the applicant of an H-1B visa application. He properly filed his Form DS-160, Nonimmigrant Visa Application (Case#AA0DSRJDP) on September 21, 2024. [**EXHIBIT B**].

21. Plaintiff NADEZHDA is the derivative family member of Plaintiff YURI's and as his spouse, she filed a nonimmigrant visa Application, properly submitting her Form DS-160, Nonimmigrant Visa Application (AA00DSX47H) on September 21, 2024. [**EXHIBIT B**].

22. Plaintiff LEV PAVLOV is the derivative family member of Plaintiff YURI's and as his son, he filed a nonimmigrant visa Application, properly submitting his Form DS-160, Nonimmigrant Visa Application (AA00DSYVOH) on September 22, 2024. [**EXHIBIT B**].

23. In connection with the Application, Plaintiffs appeared for an interview at the U.S. Consulate General in Frankfurt, Germany on October 18, 2024.

24. At the conclusion of Plaintiffs interview, the Interviewing Officer, Officer John Doe, asked Plaintiff YURI to submit supplemental information, specifically his curriculum vitae, Job offer and PhD certificate. This request was responded to fully almost immediately, and Plaintiff PAVLOV submitted his curriculum vitae, Job offer and PhD certificate.

25. Since October 18, 2024, Plaintiffs' respective Applications have been placed under 221(g) Administrative Processing, without any further action or indication as to when administrative processing will be completed.

26. Plaintiffs inquiries have not resulted in any meaningful responses, only that Plaintiffs respective Applications are undergoing administrative processing and without any indication as to when the adjudicative process will be completed.

27. Plaintiffs' respective Applications now continues to remain in administrative processing status with the Consulate General of the United States in Frankfurt, Germany, for over 28 weeks.

28. The Department of State and the U.S. Consulate General in Frankfurt, Germany, refuse to allege an average processing time for non-immigrant visa applications. Moreover, the aforementioned agencies refuse to provide further explanation which would merit the need for over 25 weeks of processing time, especially when an interview has already been conducted and no requests for information or supplemental evidence remain outstanding.

29. As a result of Defendants delay, Plaintiff YURI is at risk of losing his offer of employment as Assistant Professor of Psychology, at the University of Alabama, Birmingham, if he is unable to enter to the United States as soon as possible. Without judicial intervention, Plaintiffs will likely suffer devastating financial losses and a significant setback in Plaintiff YURI's career and future in the United States, without the full and final adjudication of the H-1B visa Application and the issuance of the corresponding H-1B visa stamp to Plaintiff YURI, and the approval of Plaintiff NADEZHDA and Plaintiff LEV's H-4 visa Applications.

**VIOLATION OF THE APA-Failure to Complete the Adjudication of Three Non-Immigrant Visa Applications**

30. All prior paragraphs are re-alleged as if fully stated herein.

31. Plaintiffs have a statutory right to an adjudication of their respective non-immigrant visa applications within a timely manner. 8 U.S.C. § 1153(b).

32. Defendants have a duty to adjudicate Plaintiffs respective Non-immigrant visa Applications within a reasonable period of time under 5 U.S.C. §555(b), 22 CFR § 41.121(a) and 22 CFR § 41.106.

33. The duty owed to Plaintiffs is ministerial and so plainly prescribed as to be clear and free from doubt.

34. No other adequate remedy is available to Plaintiffs.

35. Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiffs to adjudicate their respective Applications.

36. Given the Defendants' lack of a reason for not making a decision on Plaintiffs' respective Applications for over a total of 28 weeks (over six months or 201 days) since Plaintiff's properly submitted their respective Form DS-160 Applications and for over 25 weeks since completing of the interview, Plaintiffs respective Applications have been pending for an unreasonably long period of time.

37. Defendants have failed in their statutory duty to adjudicate the respective Applications within a reasonable period of time.

38. Defendants' delay in this case is, as a matter of law, arbitrary, capricious, or not otherwise in accordance with the law, and in violation of Plaintiff's rights. Defendants have willingly and unreasonably delayed and have refused to take action on Plaintiffs respective Applications.

39. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiffs respective Applications and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiffs' case.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully pray:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiffs respective Nonimmigrant visa Applications and issue the corresponding H-1B visa stamps.

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiffs respective Nonimmigrant visa Applications and issue the corresponding H-1B visa stamps immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date:  April 11, 2025                    Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　 /s/ Sadaf F. Ahmed
　　　　　　　　　　　　　　　　　　　　　　　**Sadaf F. Ahmed, Esq. (IN0013)**
　　　　　　　　　　　　　　　　　　　　　　　**Jeelani Law Firm, PLC**
　　　　　　　　　　　　　　　　　　　　　　　**3701 W. Algonquin Road, Ste. 630**
　　　　　　　　　　　　　　　　　　　　　　　**Rolling Meadows, IL 60008**
　　　　　　　　　　　　　　　　　　　　　　　**Ph. (312) 767-9030**
　　　　　　　　　　　　　　　　　　　　　　　**Fax: (312) 549-9981**
　　　　　　　　　　　　　　　　　　　　　　　**Email: sadaf@jeelani-law.com**
　　　　　　　　　　　　　　　　　　　　　　　*Local Counsel for Plaintiffs*

10