UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| YURI PAVLOV, et. al., | ) |
| | ) |
| Plaintiffs, | ) Civil Action No. 1:25-cv-01101-PLF |
| v. | ) |
| MARCO RUBIO, U.S. Secretary of State, et. al., | ) |
| Defendants. | ) |

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Sadaf Ahmed, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 3701 W. Algonquin Road, Ste. 630, Rolling Meadows, IL 60008, Ph: 312-767-9030, Facsimile: 312-549-9981, Email: sadaf@jeelani-law.com.

## TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................ 2

TABLE OF AUTHORITIES ................................................................................................... 3

INTRODUCTION ................................................................................................................... 5

FACTUAL BACKGROUND .................................................................................................. 7

STATUTORY AND REGULATORY BACKGROUND ........................................................ 7

LEGAL STANDARDS ........................................................................................................... 9

ARGUMENT ......................................................................................................................... 10

    I.    Plaintiffs' Claim Does Not Fail as There is a Discrete, Non-Discretionary duty to Act ............................................................................................................................... 10

    II.    Plaintiffs' Claims are Not Barred by the Doctrine of Consular Non-Reviewability ............................................................................................................................... 14

CONCLUSION ...................................................................................................................... 18

## TABLE OF AUTHORITIES

*Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, (D.C. Cir. 2007) ................................................ 10

*Afghan & Iraqi Allies Under Serious Threat Because of Their Faithful Serv. To the United States v. Pompeo*, No. 18-01388 (TSC) 2019 WL 367841, at *10 (D.D.C. Jan. 30, 2019............... 15, 17

*Akrayi v. U.S. Dep't of State*, 2023 WL 2424600, at *2 (D.D.C. Mar. 9, 2023) ………….……. 15

*Al-Gharawy v. Dep't of Homeland Sec.*, 617 F. Supp. 3d 1, 11-17 (D.D.C. 2022) ……...…. 13, 15

*Ashcroft v. Iqbal*, 556 U.S. 662, (2009) ....................................................................................... 10

*Baan Rao Thai Restaurant v. Pompeo*, 985 F.3d 1020 (D.C. Cir. 2021) ………………....…. 15

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, (2007) ....................................................................... 10

Department of State v. *Muñoz*,144 S. Ct. 1812, 1820 (2024) ………………………….......  5, 16

*Didban v. Pompeo*, 435 F. Supp. 3d 168, 175-77 (D.D.C. 2020) ................................................ 15

*Goodluck v. Biden*, 104 F.4th 920 (D.C. Cir. 2024) ………………………………………… 16

*Herbert v. Nat'l Acad.* of *Sciences*, 974 F.2d 192, (D.C. Cir. 1992) ............................................. 9

*Hollingsworth v. Duff*, 444 F. Supp. 2d 61, (D.D.C. 2006) ........................................................... 9

*Khan v. Blome*, 2022 WL 17262219, at *2 (D.D.C. Nov. 29, 2022, ………………………….. 15

*Khazaei v. Blinken*, 2023 WL 6065095, (D.D.C. Sept. 18, 2023) ………..…………………… 15

*Koutny v. Martin*, 530 F. Supp. 2d 84, (D.D.C. 2007) ................................................................... 9

*Leatherman v Tarrant Cty. Narcotics Intelligence & Coordination* Unit, 507 U.S. 163, (1993) ................................................................................................................................................... 9

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, (1992) ................................................................... 9

*Maramjaya v. USCIS*, No. Civ. A. 06-2158, 2008 WL 9398947, at *4 (D.D.C. Mar. 26, 2008) ................................................................................................................................................. 14

*Nine Iraqi Allies Under Serious Threat Because of Their Faithful Serv. to the United States v. Kerry*, 168 F. Supp. 3d 268, 291(D.D.C. 2016) ........................................................................ 14, 17

*Papasam v. Allain*, 478 U.S. 265, (1986) ...................................................................................... 9

*Patel v. Reno*, 134 F.3d 929, 932-33 (9th Cir. 1997) ...............................................................14, 17

*Saavedra Bruno v. Albright*, 197 F.3d 1153 at 1159-60 ............................................................. 14

*Telecomms. Rsch. & Action Ctr.* ("*TRAC*") *v.  FCC*, 750 F.2d 70, (D.C. Cir. 1984) ................. 12

*Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, (D.C. Cir. 2006) .................................................. 9

*Ward v. District of Columbia Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, (D.D.C. 2011) ..................................................................................................................................................... 10

## STATUTES

5  U.S.C. § 706(1)........................................................................................................................ 13

8 U.S.C. § 1201(g) ................................................................................................................... 8, 15

28 U.S.C. §1361.................................................................................................................. 6, 8, 11

## REGULATIONS

22 C.F.R. § 41.121 ........................................................................................................ 6, 8, 13, 17

**INTRODUCTION**

Plaintiffs bring this action to compel the Government to take final action on their respective nonimmigrant visa applications ("visa Applications") that have been unreasonably delayed following their placement into administrative processing. As set forth in the Complaint (¶ 2), the visa applications were successfully submitted on September 21, 2024, and September 22, 2024, respectively, with Plaintiffs thereafter being interviewed by a consular officer in Frankfurt, Germany, on October 18, 2024. (Plaintiffs' Compl. ¶¶ 20-23. At the conclusion of the interview, the respective applications were neither granted nor officially denied, but were instead placed into "refused" status under INA § 221(g) and subjected to continued administrative processing. See Compl. ¶¶ 2, 23–25. Plaintiffs allege that this post-interview process has persisted without resolution or any meaningful communication for over eight months, leaving Plaintiffs in a state of uncertainty with no clarity regarding the current status or next steps. Plaintiffs seek relief under both the Mandamus Act and the Administrative Procedure Act (APA), claiming the delay constitutes agency inaction that is being unlawfully and unreasonably withheld under governing standards.

Contrary to the Government's assertion that this case is foreclosed by the D.C. Circuit's decision in *Karimova v. Abate*, No. 23-5178, 2024 WL 3517852 (D.C. Cir. July 24, 2024), and the Supreme Court's decision in *Department of State v. Muñoz*, 602 U.S. 899 (2024), Plaintiffs maintain that those cases do not categorically bar judicial review where an application remains in ongoing administrative processing and no final decision on the merits has been issued, as is also supported by earlier decisions from this district. Plaintiffs do not seek to challenge the substance of a consular officer's discretionary decision to admit or exclude them, but instead challenge the

Government's failure to conclude the process within a timely manner, in violation of its obligations under the APA to act within a reasonable time.

The Government's position—that a refusal under INA § 221(g) constitutes a final decision, free from judicial oversight—is inconsistent with the State Department's own practices. Under 22 C.F.R. § 41.121(a), a consular officer must either issue, refuse, or discontinue processing a visa based on an INA § 243(d) order. While § 221(g) provides a basis to temporarily refuse a visa when eligibility has not yet been established, such refusals are often provisional and are subject to continued administrative processing. Indeed, the Department of State acknowledges that additional evidence or security clearance may lead to reconsideration and possible visa issuance. Plaintiffs allege that is precisely the posture of their respective applications. See Plaintiffs' Complaint, ¶ 24.

Plaintiffs further assert that the burden placed upon a visa applicant under INA § 291, 8 U.S.C. § 1361—to establish eligibility—is not a license for indefinite inaction by the Government. Rather, when an applicant has submitted all requested materials and the process remains stalled without justification, judicial intervention is warranted. The D.C. Circuit's *TRAC* factors, while not expressly addressed by the Government's motion, continue to provide the appropriate analytical framework for assessing unreasonable agency delay under the APA. Even if *Karimova* narrows the circumstances in which relief may be granted, that decision does not preclude suits where the visa application has not been conclusively denied, and where the Government continues to engage in, or fails to conclude, post-refusal processing.

Moreover, as reaffirmed in *Muñoz*, the doctrine of consular nonreviewability applies only to final decisions on visa applications. In this case, Plaintiffs are not seeking review of a discretionary judgment on the merits of their visa applications or a consular officer's ultimate decision to deny entry. Rather, they are challenging the Government's failure to fulfill its

6

nondiscretionary obligations under the APA—specifically, the duty to act on their applications within a reasonable timeframe.

Plaintiffs recognize that they have no statutory entitlement to a non-immigrant visa, but they do maintain a legal right to a timely adjudication of their respective applications. Plaintiffs therefore respectfully submit that this Court has jurisdiction under the APA and Mandamus Act to address the unreasonable delay alleged in this case.

For these reasons, Plaintiffs oppose the Government's motion to dismiss and request that the Court deny the motion so that this case may proceed on the merits.

## FACTUAL BACKGROUND

Through this action, Plaintiffs seek to compel the Government to complete the adjudication of their respective nonimmigrant visa applications that have remained in an unresolved state, now for over eight months (250 days). Plaintiffs appeared at the U.S. Embassy in Frankfurt, Germany, in connection with their respective visa applications on October 18, 2024, and have yet to receive a final adjudication. Plaintiffs' respective applications were marked as "refused" being placed into "administrative processing" at the conclusion of the interview. See *Id*. ¶¶ 2, 23–25. Plaintiff Yuri was asked to submit supplemental information, which was submitted promptly. Despite doing so, over eight months (250 days) have passed without meaningful updates or clarification from the Government regarding the status of the administrative processing, and the adjudication of Plaintiffs' respective visa applications remains incomplete. As a result, Plaintiffs have been left without resolution or recourse now for over a period of eight months.

## STATUTORY AND REGULATORY BACKGROUND

Pursuant to regulations promulgated by the State Department under the Immigration and Nationality Act (INA), once a visa application is properly completed and submitted in compliance

with the INA and its implementing regulations, the consular officer is required to either issue the visa, refuse it, or suspend issuance based on an outstanding order under INA § 243(d). See 22 C.F.R. § 41.121(a). The INA specifies the grounds upon which a visa may be refused. Under INA § 221(g), 8 U.S.C. § 1201(g), a consular officer must refuse a visa only if the officer determines—based on the application materials or other known information—that the applicant is ineligible to receive it. Moreover, INA § 291, 8 U.S.C. § 1361, places the burden on the applicant to affirmatively establish visa eligibility to the satisfaction of the consular officer. Plaintiffs have complied with these requirements and continue to meet their statutory burden, yet Defendants have failed to issue or formally deny the visa applications as required by law.

Importantly, Plaintiffs' claims are not about the discretionary nature of visa adjudications but rather address the core issue of unreasonable delay. The APA mandates timely action, and the defendant's failure to adjudicate or, as Defendants present, "re-adjudicate" the visa application within a reasonable time is subject to judicial review. According to the Department of State, when an application is placed under 221(g) administrative processing, "[i]t is possible that a consular officer will reconsider a visa application refused under 221(g) at a later date, based on additional information or upon the resolution of administrative processing, and determine that the applicant is eligible." (https://travel.state.gov/content/travel/en/us-visas/visa-information resources/administrative-processing-information.html). This makes clear that consular officers possess the authority—and indeed the obligation, as Defendants themselves acknowledge—to reconsider previously refused visa applications once administrative processing concludes or additional evidence is submitted. When a consular officer requests supplemental documentation, it necessarily follows that the officer must review that material. If the new information sufficiently establishes the applicant's eligibility, the officer is required to approve the application and issue

8

the visa. Conversely, if the additional documentation fails to demonstrate eligibility, the officer should issue a formal denial. This would enable Plaintiffs to file new applications for adjudication. However, because the current applications remain in administrative processing and are therefore still considered "open," Plaintiffs are precluded from filing new applications that could be adjudicated while the existing ones are still pending.

## LEGAL STANDARDS

On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of establishing that the court has jurisdiction. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Hollingsworth v. Duff*, 444 F. Supp. 2d 61, 63 (D.D.C. 2006) (citation omitted). In reviewing a motion to dismiss pursuant to Rule 12(b)(1), courts must accept as true all factual allegations in the complaint and construe the complaint liberally, granting plaintiff the benefit of all inferences that can be drawn from the facts alleged. *See Leatherman v Tarrant Cty. Narcotics Intelligence & Coordination* Unit, 507 U.S. 163, 164 (1993); *Koutny v. Martin*, 530 F. Supp. 2d 84, (D.D.C. 2007) ("[A] court accepts as true all of the factual allegations contained in the complaint and may also consider 'undisputed facts evidenced in the record'") (internal citations omitted). A court need not accept as true "a legal conclusion couched as a factual allegation" nor an inference "unsupported by the facts set out in the complaint." *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting *Papasam v. Allain*, 478 U.S. 265, 286 (1986)). In deciding a motion to dismiss pursuant to Rule 12(b)(1), a court is not limited to the allegations of the complaint but may also consider materials outside of the pleadings. *Herbert v. Nat'l Acad.* of *Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992).

Pursuant to Rule 12(b)(6), a party may move to dismiss a complaint on grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint

9

is not sufficient if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. When considering a Rule 12(b)(6) motion, courts may consider "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint" or "documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss." *Ward v. District of Columbia Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, 119 (D.D.C. 2011) (internal quotation marks omitted). The court may also consider documents in the public record of which the court may take judicial notice. *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007).

**ARGUMENT**

**I.     Plaintiffs' Claim Does Not Fail as There is a Discrete, Non-Discretionary duty to Act**

Plaintiffs respectfully oppose Defendant's claim that the Court lacks subject matter jurisdiction due to the alleged absence of a clear, non-discretionary duty for consular officers to adjudicate, or even "re-adjudicate," visa applications (Defs. Mot. to Dismiss, p. 7). It is crucial to emphasize that Plaintiffs have never invoked the necessity to "re-adjudicate" Plaintiffs' visa applications, as no final adjudication has yet occurred. The instant action has not been brought to challenge the Consular Officer's ultimate decision to deny entry to the United States, but rather the delay in making a final decision on the respective applications after placing them in administrative processing.

Under 28 U.S.C. § 1361, the Court may issue a writ of mandamus to compel an officer to perform a duty owed to the plaintiff if three elements are met: (1) the petitioner has shown a clear right to the relief sought; (2) the respondent has a clear duty to perform the act requested; and (3) no other adequate remedy is available. Contrary to the Defendant's claim, Plaintiffs contend that the consular officer does have a clear, non-discretionary duty under specific circumstances. Plaintiffs argue that they have a clear right to have their respective visa applications fully adjudicated in accordance with established procedures and statutory requirements. While the writ of mandamus is indeed a remedy used in extraordinary circumstances, Plaintiffs believe that their case falls within these bounds due to the extraordinary circumstances and very serious harm being experienced by Plaintiff Yuri.

Plaintiff Yuri was appointed to the position of Assistant Professor of Psychology[1] at the University of Alabama at Birmingham ("UAB"), with a contractual start date of February 1, 2025. This is a time-sensitive academic appointment and Plaintiff's physical presence on campus is essential for several reasons. First, UAB's Spring–Summer grant proposal cycle requires that a principal investigator be physically present by mid-spring. Second, recruitment for the Fall 2025 doctoral cohort has been completed, and Plaintiff's incoming doctoral students are scheduled to arrive in August 2025. Lastly, course schedules for the 2025–2026 academic year must be finalized during the summer of 2025. Accordingly, it is critical for Plaintiff Yuri to receive a full and final adjudication of his Application in order to appropriately and proactively prepare for his employment with UAB.

---

[1] Plaintiff Yuri's research program focuses on psychophysiology and emphasizes reproducibility and open-science methodologies—areas that are both in short supply and critically needed in the field. In his absence, students are deprived of mentorship and training in these advanced methods, undermining both their academic development and future competitiveness.

11

Despite these pressing responsibilities, Plaintiff has been unable to enter the United States due to Defendants' failure to complete the adjudication of his H-1B visa application, which has remained in "administrative processing" since October 18, 2024. Each additional week of delay compounds the harm: research projects are stalled, graduate student funding lines remain unused, and scheduled courses are at risk of cancellation. UAB has informed Plaintiff that his offer of employment may be rescinded if there is no progress by mid-August 2025, information that has only recently become available to Plaintiff. Courts have recognized that where agency delays negatively impact "human health and welfare" this may weigh heavily against dismissal. See *Telecomms. Rsch. & Action Ctr.* ("*TRAC*") *v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984).

The delay has also caused serious personal hardship to Plaintiffs. Plaintiff Yuri has lived lawfully in Germany for over a decade, initially as a Ph.D. candidate and subsequently as a postdoctoral researcher. Although his German residence permit was set to expire in February 2025, he was able to renew it for one year under a "job seeker" category. That status is non-renewable. If it lapses, Plaintiff will be required to leave Germany and return to Russia, where—due to his public opposition to the current Russian government—he faces a credible and well-founded risk of political persecution. Because UAB is unable to onboard him remotely, and other potential employers view his uncertain U.S. visa status as a liability, Plaintiff remains unemployed. Moreover, Plaintiff is also the sole income provider for a family of three, and the prolonged delay is placing extreme financial and emotional strain on his household.

Additionally, while Defendants emphasize that visa applicants bear the burden of establishing their eligibility (Defs. Mot. to Dismiss, generally), this principle cannot and should not be used to justify an indefinite delay in the completion of a full and final adjudication, even post administrative processing. In the instant case, Plaintiff Yuri's eligibility has already been

conclusively established through two independent channels. First, U.S. Citizenship and Immigration Services (USCIS) approved UAB's Form I-129 petition after rigorous review of both the Labor Condition Application and documentation confirming that the position qualifies as a specialty occupation. Second, UAB—the largest employer in Alabama—completed a competitive recruitment process that confirmed Plaintiff's exceptional credentials, including dozens of peer-reviewed publications, invited presentations at major international conferences, funding from government research agencies, and letters of recommendation from leading experts in the field.

Since receiving the supplemental information requested from Plaintiff Yuri, the Defendants have made no further requests for evidence or additional information, despite having had ample opportunity over the past eight months to do so and neither has the consular officer made a determination on their respective applications. Under the *TRAC* framework, courts routinely find agency inaction unlawful when the applicant has met all obligations under the relevant statutes and regulations. Plaintiff has done everything the law requires and accordingly, Defendants' failure to act is not only unreasonable—it is unlawful.

Moreover, Defendants mischaracterize the relief sought, failing to recognize Plaintiff's reliance on the Administrative Procedure Act (APA) and mandamus statute, which allow judicial intervention for unreasonable delays. A § 221(g) refusal is not a final denial, but an ongoing interim step in the administrative process, as established through long standing precedent, and as stated in 22 C.F.R. § 41.121(a), the State Department's own guidance. Courts have ruled that unreasonable delays are actionable under § 706(1) of the APA. The eight-month delay in Plaintiffs' case violates the APA's timeliness requirement. The consular non-reviewability doctrine, as discussed below, also does not bar judicial review of delays, as demonstrated in *Al-Gharawy v. Dep't of Homeland Sec.*, 617 F. Supp. 3d 1 (D.D.C. 2022), and Plaintiff seeks only timely adjudication and not a re-

adjudication as Defendants would like this Court to believe. Moreover, Defendants' reliance on *Karimova v. Abate*, No. 23-5178, 2024 WL 3517852 (D.C. Cir. July 24, 2024), an unpublished opinion, is misplaced since it dealt with a final denial of Karimova's visa application as well as an objection to being placed in administrative processing, not the delay in completing the ongoing processing. Courts have ruled that agency discretion does not extend to indefinite delays.

Dismissing this case would deny Plaintiffs due process and undermine consular accountability. Plaintiffs respectfully requests that the Court compel Defendants to fulfill their statutory duties.

### II.     Plaintiffs' Claims are Not Barred by the Doctrine of Consular Non-Reviewability

Contrary to Defendants' assertions, the doctrine of consular non-reviewability does not apply until a consular officer has made a final decision on a visa application. As the court in *Nine Iraqi Allies v. Kerry*, 168 F. Supp. 3d 268, 290 (D.D.C. 2016), held: "the doctrine of consular non-reviewability is not triggered until a consular officer has made a decision with respect to a particular visa application." This limitation is consistent with the doctrine's purpose: to prevent judicial review of discretionary decisions made by consular officers due to their political nature. See *Saavedra Bruno v. Albright*, 197 F.3d 1153, 1159 (D.C. Cir. 1999). But when the government simply refuses to act—i.e., fails to render a decision in the manner required by Congress—it is not exercising its discretion, it is simply failing to perform a duty. *Nine Iraqi Allies*, 168 F. Supp. 3d at 290–91. Accordingly, Defendants' reliance on the doctrine of consular non-reviewability is misplaced.

As such, delays or refusals to process visa applications—absent a final decision—are subject to judicial review. See also *Patel v. Reno*, 134 F.3d 929, 932 (9th Cir. 1997) (finding

jurisdiction to consider whether a consulate may suspend visa processing); *Maramjaya v. USCIS*, 2008 WL 9398947, at *4 (D.D.C. Mar. 26, 2008) (holding consular non-reviewability inapplicable where the case had not reached the stage where immunity would attach). Indeed, courts in this District have held that consular non-reviewability does not bar claims challenging unreasonable delays in administrative processing. See *Khan v. Blome*, 2022 WL 17262219, at *2 (D.D.C. Nov. 29, 2022); *Al-Gharawy v. Dep't of Homeland Sec.*, 617 F. Supp. 3d 1, 12–17 (D.D.C. 2022); *Akrayi v. U.S. Dep't of State*, 2023 WL 2424600, at *2 (D.D.C. Mar. 9, 2023). Defendants offer no compelling authority to support a departure from these cases.

Defendants rely primarily on *Baan Rao Thai Restaurant v. Pompeo*, 985 F.3d 1020 (D.C. Cir. 2021), a decision this Court explicitly distinguished in *Al-Gharawy*, 617 F. Supp. 3d at 16. Like the plaintiffs in *Nine Iraqi Allies*, Plaintiffs here remain in administrative processing, despite receiving a designation of "refused." This status is not indicative of a final decision, but rather signals that the application remains pending further review. This District has also recognized that a refusal under 8 U.S.C. § 1201(g)—based on an applicant's failure to establish eligibility—does not trigger consular non-reviewability when further administrative processing is anticipated. See *Al-Gharawy*, 617 F. Supp. 3d at 11–17; *Khazaei v. Blinken*, 2023 WL 6065095, at *4–5.

Moreover, as the court stated in *Didban v. Pompeo*, 435 F. Supp. 3d 168, 174 (D.D.C. 2020), quoting *Afghan & Iraqi Allies v. Pompeo*, 2019 WL 367841, at *10 (D.D.C. Jan. 30, 2019), the doctrine does not apply where plaintiffs "do not seek judicial review of a consular decision, but instead seek a final decision on their applications." That is precisely the relief sought here: Plaintiffs ask only that Defendants complete the administrative processing of their respective visa applications, and render a final decision within a reasonable time—not that a visa be issued, nor that this Court direct how their respective applications should be adjudicated.

15

Defendants incorrectly assert that the label "refused" signifies a final decision. In reality, the refusal is conditional—pending the outcome of administrative processing—without the completion of which the consular post will not and cannot issue a final decision. Plaintiff Yuri's ability to undertake his employment at the University of Alabama at Birmingham depends on resolution of this delay.

Again, Plaintiffs are not asking the Court to revisit a visa denial or direct a re-adjudication. Rather, they challenge the unreasonable delay in resolving the administrative processing of their respective applications. No final adjudication has occurred on Plaintiffs' respective applications. Accordingly, the consular non-reviewability doctrine is not triggered. See *Department of State v. Muñoz*, 144 S. Ct. 1812, 1820 (2024); *Goodluck v. Biden*, 104 F.4th 920 (D.C. Cir. 2024). These cases confirm that while consular discretion is largely shielded, judicial review remains available where statutory rights are implicated or procedural obligations unmet.

Under the recent Supreme Court Decision, *Department of State v. Muñoz*, No. 23-334, 2024 WL 3074425 (June 21, 2024), the Court held that the "executive officials discretionary authority to admit noncitizens is immune from judicial inquiry or interference. . ." However, that case is distinguishable from the facts of the instant case. In *Muñoz*, the applicant had been subjected to numerous interviews and ultimately was found to be inadmissible to the United States pursuant to §1182(a)(3)(A)(ii), a provision that bars admission to any noncitizen whom the officer "knows, or has reasonable ground to believe, seeks to enter the United States to engage solely, principally, or incidentally in" certain specified offenses or "any other unlawful activity." In *Muñoz* the applicant was a suspected MS-13 gang member, and even though he disavowed any gang affiliation, his visa application was adjudicated and denied. The Consulate's decision to deny the visa application was affirmed by the Department of State. In the *Muñoz* case the Supreme Court

held that "a decision to admit or exclude an alien . . . is final and conclusive." The distinguishing factor between the instant case and *Muñoz*, is that in the instant case, the Consular Officer has not yet determined whether "to admit or exclude" Plaintiffs.

Plaintiffs' respective applications have been placed in Administrative Processing, with a request for supplemental information that was promptly submitted, and the refusal worksheet clearly showing that "we are unable to conclude processing of your non-immigrant visa application, as we require more information . . ." which presumably would be reviewed upon submission, allowing for further processing, and ultimately a final determination on their respective applications. This review would then conclude the processing of their respective non-immigrant visa applications. Plaintiffs' claims are, therefore, not barred by the doctrine of consular non-reviewability. (See, *Nine Iraqi Allies v. Kerry*, 168 F. Supp. 3d 268, 288 (D.D.C. 2016); where the Court concluded that administrative processing constituted a required *interim* step . . . occurring after the interview and preceding the medical examination, yet it did not represent a final decision. (Id. at 284-85). Furthermore, the Court noted that where applicants were subject to multi-step processing then this did not constitute a final refusal (decision). *Id.; See also, Afghan & Iraqi Allies v. Pompeo*, No. 18-cv-1388, 2019 WL 367841, at *9-10 (D.D.C. Jan. 30, 2019) (Court reviewed evidence showing DOS policy "mandates administrative processing" after the interview; a "mandatory intermediate step" rather than a final refusal); See also, *Al Gharawy*, 2022 WL 2966333, at *9 (INA § 221(g); *Patel v. Reno,* 134 f.3d 929, 931 (9 th Cir. 1997) (finding that a [221(g) "refusal" under 22 C.F.R. § 41.121(a) is not final).

Because Plaintiffs' visa applications have not received a full and final adjudicated, and because they seek only a final decision—not judicial review of a discretionary denial—the doctrine

17

has no bearing here. The Court should therefore reject Defendants' invocation of consular non-reviewability and permit Plaintiffs' claims to proceed.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss should be denied.

Date:  June 25, 2025    Respectfully submitted,

  /s/  Sadaf F. Ahmed
**Sadaf F. Ahmed, Esq. (IN0013)**
**JEELANI LAW FIRM, PLC**
**3701 W. Algonquin Road, Ste. 630**
**Rolling Meadows, IL 60008**
sadaf@jeelani-law.com
**Phone:(312) 767-9030**
**Fax:(312) 767-9030**
*Counsel for Plaintiffs*