UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YURI PAVLOV, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>MARCO RUBIO, Secretary of State, et al.,<br><br>    Defendants. | Civil Action No. 25-01101 (PLF) |

**REPLY IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES .......................................................................................................... ii

ARGUMENT .................................................................................................................................. 1

    I.      Plaintiffs' Claims Fail Because There is No Discrete Agency Action that a Consular Officer is Required to Take. ...................................................................... 1

    II.     Plaintiffs' Claims Fail Under the Consular Non-Reviewability Doctrine. ............. 7

CONCLUSION ............................................................................................................................... 9

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*13th Reg'l Corp. v. Dep't of Interior,*
    654 F.2d 758 (D.C. Cir. 1980) .................................................................................... 4

*Am. Hosp. Ass'n v. Burwell,*
    812 F.3d 183 (D.C. Cir. 2016) .................................................................................... 5

*Amjad v. Schofer,*
    Civ. A. No. 24-1773 (CJN), 2024 WL 4416984 (Oct. 4, 2024) ................................ 2

\* *Datta v. Rubio,*
    Civ. A. No. 24-2937 (PLF), 2025 WL 752643 (D.D.C. Mar. 10, 2025) ............... 1, 6

*Davis v. U.S. Sent'g Comm'n,*
    716 F.3d 660 (D.C. Cir. 2013) .................................................................................... 3

\* *Dep't of State v. Muñoz,*
    144 S. Ct. 1812 (2024) ....................................................................................... 5, 6, 7

*Goodluck v. Biden,*
    104 F.4th 920 (D.C. Cir. 2024) .................................................................................. 5

*Harisiades v. Shaughnessy,*
    342 U.S. 580 (1952) ..................................................................................................... 5

*Head v. Wilson,*
    792 F.3d 102 (D.C. Cir. 2015) .................................................................................... 3

*Hemmat v. Blinken,,*
    Civ. A. No. 23-2085 (TSC), 2024 WL 4210658 (D.D.C. Sept. 17, 2024) ................ 2

*Ibrahim v. Spera,*
    Civ. A. No. 23-3563 (ABJ), 2024 WL 4103702 (D.D.C. Sept. 6, 2024) ............... 2, 8

*Illinois v. Ferriero,*
    60 F.4th 704 (D.C. Cir. 2023) .................................................................................... 4

*In re Ctr. for Biological Diversity,*
    53 F.4th 665 (D.C. Cir. 2022) .................................................................................... 4

*In re Grant,*
    635 F.3d 1227 (D.C. Cir. 2011) .................................................................................. 3

*In re People's Mojahedin Org. of Iran*,
   680 F.3d 832 (D.C. Cir. 2012) .................................................................................... 5

*Janay v. Blinken*,
   Civ. A. No. 23-3737 (RDM), 2024 WL 3432379 (D.D.C. July 16, 2024) ................................ 8

\* *Karimova v. Abate*,
   No. 23-5178, 2024 WL 3517852 (D.C. Cir. July 24, 2024) .................................. 1, 2, 4, 5, 6, 8

*Khaksari v. Chairman, Broad. Bd. of Governors*,
   451 F. App'x 1 (D.C. Cir. 2011) ................................................................................... 3

*Mojaver v. Garland*,
   Civ. A. No. 24-0253(ABJ), 2024 WL 4715419 (D.D.C. Nov. 7, 2024) ................................... 2

*Montanans for Multiple Use v. Barbouletos*,
   568 F.3d 225 (D.C. Cir. 2009) .................................................................................... 4

*National Treasury Employees Union v. Nixon*,
   492 F.2d 587 (D.C. Cir. 1974) .................................................................................... 4

*Norton v. Southern Utah Wilderness Alliance*,
   542 U.S. 55 (2004) ........................................................................................... 4, 6, 7

*San Luis Unit Food Producers v. United States*,
   709 F.3d 798 (9th Cir. 2013) ...................................................................................... 7

*Telecommunications Research & Action Center ("TRAC") v. Federal Communications Commission*,
   750 F.2d 70 (D.C. Cir. 1984) ...................................................................................... 6

*United States ex rel. Knauff v. Shaugnessy*,
   338 U.S. 537 (1950) .................................................................................................. 7

*United States ex rel. McLennan v. Wilbur*,
   283 U.S. 414 (1931) .................................................................................................. 4

*W. Org. of Res. Councils v. Zinke*,
   892 F.3d 1234 (D.C. Cir. 2018) .................................................................................. 4

*Wong Wing v. United States*,
   163 U.S. 228 (1896) .................................................................................................. 7

**Statutes**

5 U.S.C. § 555 .................................................................................................................. 6

8 U.S.C. § 1201 ............................................................................................................ 1, 5

**Rules**

D.C. Cir. R. 32.1 .................................................................................................................. 3

Fed. R. Civ. P. 12 ............................................................................................................. 7, 8

**Regulations**

22 C.F.R. § 41.121 ............................................................................................................... 5

Defendants respectfully file this reply in further support of their motion to dismiss (ECF No. 6, "Motion" or "Defs.' Mot.") this action. Plaintiffs' Opposition (ECF No. 8, "Pls.' Opp'n") does not demonstrate that this Court has jurisdiction over any claims Plaintiffs purport to state or that Plaintiffs have stated a claim upon which relief can be granted. For the reasons set forth in Defendants' Motion and below, the Court should dismiss Plaintiffs' complaint.

## ARGUMENT

**I. Plaintiffs' Claims Fail Because There is No Discrete Agency Action that a Consular Officer is Required to Take.**

As Defendants explained, "Plaintiffs cannot identify a clear, non-discretionary duty requiring a consular officer to take any action on the Visa Application now that it has been refused under INA Section 221(g), 8 U.S.C. § 1201(g)." Defs.' Mot. at 4. Plaintiffs' arguments to the contrary are not persuasive.

First, Plaintiffs insist that no final adjudication has occurred. Pls.' Opp'n at 5-6, 10. But in *Karimova v. Abate*, No. 23-5178, 2024 WL 3517852 (D.C. Cir. July 24, 2024), the D.C. Circuit affirmed the dismissal of a post-refusal immigration mandamus suit brought against the State Department. In so doing, the Court ruled that the Government has no clear, non-discretionary duty to further process or adjudicate a visa application once it has been refused by a consular officer under INA Section 221(g), 8 U.S.C. § 1201(g). Accordingly, the D.C. Circuit held that there was no basis to compel agency action (including post-refusal administrative processes) either under the Administrative Procedure Act ("APA") or the Mandamus Act.

As a result, *Karimova* and its progeny foreclose Plaintiffs' claims. *See Datta v. Rubio*, Civ. A. No. 24-2937 (PLF), 2025 WL 752643, at *9 (D.D.C. Mar. 10, 2025) ("The Court thus finds that plaintiff has failed to identify a clear, non-discretionary duty requiring defendants to further adjudicate his already-refused visa application." (citing *Karimova*, 2024 WL 3517852, at *5);

*Amjad v. Schofer*, Civ. A. No. 24-1773 (CJN), 2024 WL 4416984, at *1 (Oct. 4, 2024) ("Amjad thus cannot show that consular officers 'committed a transparent violation of a clear duty to act' by placing his refused visa application in administrative processing-regardless of how long his application remains subject to such processing." (quoting *Karimova*, 2024 WL 3517852, at *1); *Hemmat v. Blinken*, Civ. A. No. 23-2085 (TSC), 2024 WL 4210658, at *4 (D.D.C. Sept. 17, 2024) ("The *Karimova* decision is fatal to Plaintiffs' claim of unreasonable delay."); *Ibrahim v. Spera*, Civ. A. No. 23-3563 (ABJ), 2024 WL 4103702, at *1 (D.D.C. Sept. 6, 2024) ("[T]he Court agrees that the decision in *Karimova* requires the dismissal of this action[.]"); *see also Ibrahim v. Blinken*, Civ. A. No. 24-0647 (CRC), slip. op. at 5–6 (D.D.C. Sept. 20, 2024) ("Plaintiffs have not explained why they are likely to succeed on the merits of their claim given that a unanimous decision of the D.C. Circuit, unpublished or not, would suggest otherwise").

Second, Plaintiffs dismiss *Karimova* because it is an unpublished decision. *See* Pls.' Opp'n at 14. But this argument has been dismissed by courts in this district. *See Hemmat*, 2024 WL 4210658, at *4 ("[T]his court is bound by [*Karimova*]."); *Ibrahim*, 2024 WL 4103702, at *3 (applying *Karimova* and dismissing immigration mandamus suit; "the Court is unaware of any authority it might have to review or disregard a decision issued by an appellate court"); *Mojaver v. Garland*, Civ. A. No. 24-0253 (ABJ), 2024 WL 4715419, at *5 (D.D.C. Nov. 7, 2024) ("The Circuit's analysis [in *Karimova*], which is binding on this Court, governs this case."). While D.C. Circuit Rule 36(e)(2) provides that "a panel's decision to issue an unpublished disposition means that the panel sees no precedential value in that disposition," D.C. Circuit Rule 32.1(b)(1)(B) makes clear that an unpublished opinion is Circuit precedent notwithstanding the value that a panel sees in it. Specifically, D.C. Circuit Rule 32.1(b)(1)(B) provides that "[a]ll unpublished orders or judgments of this court, including explanatory memoranda (but not including sealed dispositions),

entered on or after January 1, 2002, may be cited as precedent." D.C. Cir. R. 32.1(b)(1)(B). And the D.C. Circuit has held, citing this rule, that an unpublished panel decision "has the force of precedent[.]." *Khaksari v. Chairman, Broad. Bd. of Governors*, 451 F. App'x 1, 4 (D.C. Cir. 2011) (citing D.C. Cir. R. 32.1(b)(1)(B)); *see also Head v. Wilson*, 792 F.3d 102, 109 n.9 (D.C. Cir. 2015) ("Our rules distinguish between unpublished dispositions entered before January 1, 2002, which "are not to be cited as" precedent, and those entered on or after January 1, 2002, which 'may be cited as precedent,' even though the issuing 'panel's decision to issue an unpublished disposition means that the panel sees no precedential value in that disposition.'" (quoting D.C. Cir. R. 32.1(b)(1)(B), 36(e)(2))). Rather, the D.C. Circuit has only cabined that unpublished decisions may not bind future D.C. Circuit panels. *See In re Grant*, 635 F.3d 1227, 1232 (D.C. Cir. 2011); *see also Davis v. U.S. Sent'g Comm'n*, 716 F.3d 660, 666 n.2 (D.C. Cir. 2013) ("Because it was unpublished, while that decision is precedential, it is not binding on this panel.") (citing *Grant*, 635 F.3d at 1232)).

Importantly, in *Grant*, 635 F.3d at 1231, the D.C. Circuit addressed "nine unpublished orders," "in the form of summary dispositions, consisting only of three or four short paragraphs . . . [and] were issued without oral argument." None of those circumstances were present in *Karimova*, which "was considered on the record and on the briefs and oral arguments of the parties," and consists of a detailed opinion, fully addressing the Supreme Court's and D.C. Circuit's jurisprudence on the definition of a clear duty to act and on the framework for assessing entry decisions delegated by Congress to the Executive. Nonetheless, even if this Court did not consider *Karimova* controlling, for the reasons discussed in *Karimova* and below, Plaintiffs do not meet their burden to demonstrate that the threshold requirement—a clear duty to act—is met.

Third, Plaintiffs cannot circumvent *Karimova* by insisting they are raising their claims under the mandamus statute and the APA. *See* Pls.' Opp'n at 13-14.

As the *Karimova* court explained, "[t]o obtain a writ of mandamus, the petitioner must show, among other things, that the agency has violated 'a crystal-clear legal duty,'" 2024 WL 3517852, at *3 (quoting *In re Ctr. for Biological Diversity*, 53 F.4th 665, 670 (D.C. Cir. 2022)), and, "to make out a claim of agency inaction under Section 706 of the APA, the plaintiff must 'identify a legally required, discrete act that the agency has failed to perform,'" *id*. (quoting *Montanans for Multiple Use v. Barbouletos*, 568 F.3d 225, 227 (D.C. Cir. 2009)). Indeed, the D.C. Circuit has held that the "clear duty to act standards are . . . stringent," and to meet them a plaintiff must show "[t]he law must not only authorize the demanded action, but require it.'" *Illinois v. Ferriero*, 60 F.4th 704, 715 (D.C. Cir. 2023) (quoting *United States ex rel. McLennan v. Wilbur*, 283 U.S. 414, 420 (1931)); *see 13th Reg'l Corp. v. Dep't of Interior*, 654 F.2d 758, 760 (D.C. Cir. 1980) (adopting "narrow definition of the term 'duty'": a duty exists "only where the duty to be performed is ministerial and the obligation to act peremptory, and [is] clearly defined," and "[t]he law must not only authorize the demanded action, but require it; the duty must be clear and undisputable.'" (quoting *McLennan*, 283 U.S. at 420, and citing *National Treasury Employees Union v. Nixon*, 492 F.2d 587, 602 (D.C. Cir. 1974)). Further, the D.C. Circuit has confirmed that in *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55 (2004), the Supreme Court "teaches that the only action a court may compel an agency to take under § 706(1) is discrete action that the agency has a duty to perform. The legal duty must be 'ministerial or nondiscretionary' and must amount to 'a specific, unequivocal command.'" *W. Org. of Res. Councils v. Zinke*, 892 F.3d 1234, 1241 (D.C. Cir. 2018) (quoting *S. Utah*, 542 U.S. at 63–64).

As such, when applying these standards, the D.C. Circuit generally has found a clear or mandatory duty only to exist when a statute or regulation states that agency X shall do Y action. *See*, *e.g.*, *Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 186 (D.C. Cir. 2016) (holding that 42 U.S.C. § 1395ff(d)(1)(A), which states that administrative law judges "shall conduct and conclude a hearing . . . and render a decision," imposes a clear duty); *In re People's Mojahedin Org. of Iran*, 680 F.3d 832, 836 (D.C. Cir. 2012) (holding that 8 U.S.C. § 1189(a)(4)(B)(iv)(I), which states that "Not later than 180 days after receiving a petition for revocation . . . , the Secretary shall make a determination as to such revocation," imposes a clear duty). Plaintiffs point to no authority that imposes a mandatory duty. Indeed, 22 C.F.R. § 41.121(a), which Plaintiffs cite (Pls.' Opp'n at 6, 13), confirms that INA Section 221(g), the basis of the refusal in Plaintiffs' case, constitutes a legal basis for a refusal of a nonimmigrant visa. Moreover, that regulation does not require any other action after a refusal is made based on INA Section 221(g).

Further, the Court should be mindful that Plaintiffs' "claim is not standard administrative fare. It arises within a field that is 'vitally and intricately interwoven with contemporaneous policies in regard to the conduct of foreign relations and the war power.'" *Karimova*, 2024 WL 3517852, at *5 (cleaned up) (quoting *Harisiades v. Shaughnessy*, 342 U.S. 580, 588–89 (1952), and citing *Goodluck v. Biden*, 104 F.4th 920, 925 (D.C. Cir. 2024) (when it comes to judicial intervention in visa decisions, "[h]istorical and contextual considerations . . . warrant restraint")). Indeed, the Supreme Court recently emphasized that "Congress may delegate to executive officials the discretionary authority to admit noncitizens 'immune from judicial inquiry or interference.'" *Dep't of State v. Muñoz*, 144 S. Ct. 1812, 1820 (2024) (quoting *Harisiades*, 342 U.S. at 588–91). Here, Congress delegated discretionary authority to consular officers to determine visa eligibility. *See* 8 U.S.C. § 1201(g); *see also* S. Rep. No. 81-1515 at 612 (1950) ("The authority of the consular

officers under the law is plenary. There is no official or judicial review of their action and issuance of a visa is entirely in their discretion."). Yet, through this action, Plaintiffs demand this Court interfere with the exercise of this discretion—demanding that the Court direct the pace at which the consular officer makes decisions.

Plaintiffs' reliance on the APA is also misplaced. Pls.' Opp'n at 13. Section 555(b)'s amorphous and open-ended language hardly expresses the sort of "specific, unequivocal command" ordering "a precise, definite act about which an official had no discretion whatever" that can support mandamus or APA relief. *S. Utah*, 542 U.S. at 63 (cleaned up); *see Karimova*, 2024 WL 3517852, at *3 ("Section 555(b) does no such thing."). And any case proceeding under Section 706(1) "'can proceed only where a plaintiff asserts that an agency failed to take a <u>discrete</u> agency action that it is <u>required to take</u>,' a threshold requirement that plaintiff has not met.'" *Datta*, 2025 WL 752643, at *8 (quoting *Utah*, 542 U.S. at 64 (emphasis in original)). But here, Plaintiffs' "'matter' has already been 'concluded'" since "[a] consular officer reviewed [his] application, interviewed [him], and ruled that no visa would be granted." *Karimova*, 2024 WL 3517852, at *4 (quoting 5 U.S.C. § 555(b)).

Fourth, Plaintiffs' appeal to the *TRAC* factors to avoid dismissal is misguided. *See* Pls.' Opp'n at 6, 11-13. Given the clear mandates from both *Karimova* and the Supreme Court's recent ruling in *Department of State v. Muñoz*, 602 U.S. 899 (2024). These authorities make it unnecessary for the Court to apply the factors set forth in *Telecommunications Research & Action Center* ("*TRAC*") *v. Federal Communications Commission*, 750 F.2d 70, 79 (D.C. Cir. 1984), to dispose of this case.

Lastly, to be clear, Congress has mandated that the Secretary of State administer and enforce the INA, which would include a broad mandate to process visa cases, but Congress has

not required a "mandatory, non-discretionary duty" for a consular officer to re-adjudicate a specific visa application in the manner Plaintiffs demand. *See San Luis Unit Food Producers v. United States*, 709 F.3d 798, 803 (9th Cir. 2013) (holding statutory goals that leave an agency "'discretion in deciding how to achieve' [mandatory] goals are insufficient to support a 'failure to act' claim because such discretionary actions are not 'demanded by law'") (quoting *S. Utah.*, 542 U.S. at 66). Thus, the Court cannot compel action here. *See S. Utah*, 542 U.S. at 67 ("[t]he prospect of pervasive oversight by federal courts over the manner and pace of agency compliance with [broad] congressional directives is not contemplated by the APA").

Accordingly, Plaintiffs fail to demonstrate that there is a clear or mandatory, non-discretionary duty for the consular officer to act. Therefore, the Court should dismiss Plaintiffs' unreasonable delay claim for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1).

## II. Plaintiffs' Claims Fail Under the Consular Non-Reviewability Doctrine.

As Defendants explained, "this suit runs headfirst into the consular non-reviewability doctrine." Defs.' Mot. at 8. In response, Plaintiffs assert that the doctrine of consular non-reviewability applies only to final decisions, all the while ignoring the fact that *Karimova* rejected the notion that an INA Section 221(g) refusal was somehow not "final." Pls.' Opp'n at 6-7, 14-15. Plaintiffs are incorrect. As the Supreme Court recognized, "the longstanding principle 'that the United States can, as a matter of public policy . . . forbid[s] [noncitizens] or classes of [noncitizens] from coming within their borders,' and '[n]o limits can be put by the courts upon' that power." *Muñoz*, 144 S. Ct. at 1824-25 (quoting *Wong Wing v. United States*, 163 U.S. 228, 237 (1896)). Indeed, a consular officer's decision "'to admit or to exclude [a noncitizen]' 'is final and conclusive.'" *Id.* (quoting *United States ex rel. Knauff v. Shaugnessy*, 338 U.S. 537, 543 (1950)). While there was some debate before *Karimova* as to whether the doctrine applied in cases seeking to compel action on visa applications in post-refusal administrative processes, *Karimova* ends that

debate. The earlier disagreement between judges in this District hinged on whether a refusal under INA Section 221(g) was final or not. *See, e.g.*, *Janay v. Blinken*, Civ. A. No. 23-3737 (RDM), 2024 WL 3432379, at *8 (D.D.C. July 16, 2024) (reasoning the doctrine is limited only to "final" decisions "to admit or exclude" a noncitizen and does not "extend[ ] beyond that limited universe"). But, as noted, in *Karimova* the D.C. Circuit rejected the view that an INA Section 221(g) refusal was somehow not "final." 2024 WL 3517852, at *2–3, 6 ("[Plaintiff] sued in district court to obtain the exceptional and rare relief of an order compelling the consular officer overseeing her visa application to make yet another 'final decision' on her already-refused visa application.  Because [Plaintiff] has not identified an adequate legal basis for that duty, the district court properly dismissed her claim."); *see Ibrahim*, 2024 WL 4103702, at *3 ("[T]he Circuit states quite plainly that the consul's refusing to grant an application and placing it in administrative processing is a final refusal.").

As such, the doctrine of consular nonreviewability bars review of Plaintiffs' claims. Therefore, the Court should dismiss Plaintiffs' unreasonable delay claims with prejudice for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6).

\*   \*   \*

## CONCLUSION

For the reasons herein and in Defendants' motion, the Court should dismiss the Complaint.

Dated: July 2, 2025

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:  /s/ *Erika Oblea*
ERIKA OBLEA, D.C. Bar #1034393
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2567
erika.oblea@usdoj.gov

*Attorneys for the United States of America*